LESLEY v. LESLEY.

1. "CASE"—FINDING OF FACT.—When the testimony in a partition case is not set out in the "Case," this Court will assume that it warranted the findings of fact by the trial Judge.

2. EXCEPTION too general.

Before WATTS, J., Pickens, July, 1897. Affirmed.

Action in partition by Alonzo Lesley *et· al. v.* W. A. Lesley *et al.* From the Circuit decree the defendant, W. A. Lesley, alone, appeals.

*Mr. Julius E. Boggs,* for appellant, cites: *Tenant in common only chargeable with rent for so much land as he uses in excess of his share:* 14 S. C., 309. *Claim not barred:* Code, 123; 30 S. C., 345; 33 S. C., 312.

*Messrs. Morgan & Blassingame,* contra, cite: *When testimony is left out of "Case," this Court cannot review finding of fact:* 36 S. C., 567. *Exception too general:* 31 S. C., 299; 36 S. C., 568.

July 26, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The "Case" contains the following statement of facts: This is an action by the plaintiff against the defendant for the partition of a tract of land of forty-two acres, and for rents and profits. The complaint alleges, and the referee found as facts, that James H. Lesley died intestate on or about the       day of March, 1880, leaving surviving his widow, Sarah, G. Lesley, and the parties to this action. Sarah G. Lesley died on or about the       day of February, 1893, intestate. At the time of his death, James H. Lesley was seized and in possession of the tract of land, forty-two acres, described in the complaint. That the parties to this action are the only heirs at law of the said decedents. That there had been no administration on either estate.

The defendant, W. A. Lesley, appellant, was the only

one who answered, alleging that he had not cultivated more than his share of said lands, and denying his liability for rent to the plaintiffs, or any of his codefendants, and setting up a deed for the premises, which had been executed by all the parties to the action, except the plaintiffs. He also alleged that James H. Lesley was indebted to him in the sum of $700 and the widow in the sum of $400. The special referee, in his report, finds "that the claim alleged in the answer of the defendant, W. A. Lesley, and proved against the estate, amounting to $1,100, is barred by statute, as alleged by plaintiffs."

The fourth and seventh exceptions of the defendant, W. A. Lesley, to the report of the referee are as follows: "4. Because he erred in not finding as a fact that the said James H. Lesley, deceased, was justly indebted to the defendant in the sum of $700, and that the said Sarah Lesley, deceased, was justly indebted to this defendant in the sum of $400, and that said debts should be paid and allowed out of the proceeds of the land before any partition is decreed, besides the taxes he has paid and the funeral expenses. * * 7. Because he erred in holding that this defendant's claim was barred by the statute of limitations."

The Circuit Judge overruled said exceptions, and in his decree says: "It is further ordered, that the claims set up by W. A. Lesley are disallowed."

The defendant, W. A. Lesley, appealed to the Supreme Court on the following grounds, to wit: "1. Because the Circuit Court erred in charging the defendant rent, when the testimony showed that he was a cotenant with the plaintiffs, and that he cultivated no more than his share of the land, which was nine-tenths. 2. Because the Court erred in allowing the plea of the statute in bar of defendant's claim against the estate of James H. Lesley and Sarah G. Lesley. 3. Because the Court refused to allow defendant's claim for taxes and funeral expenses. 4. Because the Court erred in overruling the exceptions of defendant to the report of the referee."

The testimony is not set out in the "Case." We will first consider the second exception. The exceptions of the defendant, W. A. Lesley, to the report of the referee, alleged error in his failure to find, as a fact, that James H. Lesley, deceased, and Sarah G. Lesley were justly indebted to him in the respective sums of $700 and $400. The correctness of the referee's finding depended upon the facts of the case, and as this exception was overruled by the Circuit Judge, it must be assumed, in the absence of the testimony, that it was sufficient to sustain his finding of fact. It is true, the seventh exception alleges that there was error in holding that said claims were barred by the statute of limitations, and that this raises a question of law, but it is no longer a practical question, since the Circuit Judge, in effect, found as a fact that the claims could not be allowed, even without regard to the statute of limitations.

The first and third exceptions are disposed of by what was said in considering the second exception.

The fourth exception is too general for consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.