15978

GILLIARD v. VICTOR-MONAGHAN CO. *ET AL.*
(44 S. E. (2d) 109)

*Mr. R. N. Ward,* of Greenville, for Appellant, ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Mr. Stephen Nettles,* of Greenville, for Respondents, ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Mr. R. N. Ward,* of Greenville, for Appellant, on rehearing, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Mr. Stephen Nettles,* of Greenville, for Respondents, on rehearing, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

August 4, 1947.

As modified September 10, 1947.

TAYLOR, J.: This case arises out of the claim under the Workmen's Compensation Act of Clarence M. Gilliard against Victor-Monaghan Company, employer, and American Mutual Liability Insurance Company, its carrier, defendants, for injuries sustained February 14, 1941, which arose out of and in the course of his employment at the time he

was seventeen (17) years of age. Ten days thereafter, an agreement to pay compensation for temporary total disability was entered into and approved by the Commission with E. M. Gilliard, father, signing for the claimant. The weekly drafts for total temporary disability in accordance with the above agreement in the amount of Seven and 19-100 ($7.19) Dollars each were made payable to E. M. Gilliard, the father, and were all endorsed over to Clarence M. Gilliard, who, it is admitted, received the benefits therefrom.

In August, 1941, the Commission approved an agreement signed by the father as to compensation for specific loss and made an award for disfigurement. Checks for specific loss and disfigurement were made payable to the father, in a lump sum, each being in excess of Three Hundred ($300.00) Dollars, although he had not qualified as guardian. The father converted the proceeds of the checks to his own use except the amount of the attorney's fees.

On July 5, 1945, after claimant had become twenty-one (21) years of age, his attorney wrote the Commission requesting a hearing to fix the amount of compensation to plaintiff for the accident of February 14, 1941. Hearings were held and testimony on the merits was taken, but the Commissioner held that claimant was barred from recovery by the one year limitation in that he had not filed his claim within twelve (12) months after becoming eighteen (18) years of age, and that having elected to repudiate the 1941 proceedings was forever barred thereby, and dismissed the claim. Claimant then appealed to the Full Commission, the majority of which sustained the Single Commissioner as did the Circuit Judge. Hence this appeal.

As it will be observed from the foregoing statement, the claimant was of the age of seventeen (17) at the time he suffered the injury. Section 7035-50(b), 1942 Code of Laws of South Carolina, authorizes and empowers a parent of a minor under eighteen (18) to receive and receipt for

amounts to the minor aggregating not more than Three Hundred ($300.00) Dollars. as compensation for injuries and to acquit the employer. Sub-section "c" thereof, provides that when the amount exceeds Three Hundred ($300.00) Dollars, it shall be made to a guardian, and the receipt of the guardian shall acquit the employer.

The plaintiff takes the position here that the payment of Five Hundred Twenty-Nine and 49/100 ($529.49) Dollars for specific loss and One Thousand ($1,000.00) Dollars for disfigurement on September 5, 1941, to his father, who had not been named guardian, was void. He also takes the further position that all prior acts such as the filing and acceptance of the claim and payment thereunder for temporary total disability of amounts aggregating less than Three Hundred ($300.00) Dollars were valid. Defendants take the position that all transactions and all acts relating thereto were voidable, and the claimant must either accept or repudiate all acts in conjunction therewith; that he cannot accept a part and repudiate the other part; and that having elected to declare them void, he had until one year after attaining the age of eighteen (18) to have his rights adjudicated before the Commission; and having waited more than one year thereafter, in fact until he had reached the age of twenty-one (21), he was now barred from filing and prosecuting his claim, and cites the case of *Lineberry v. Town of Mebane,* 219 N. C. 257, 13 S. E. (2d) 429, a North Carolina case, whose Workmen's Compensation Act is identical with that of South Carolina in this respect, as authority. Both appellant and respondent cite the above case and some features are analogous to the situation here, but a close study will disclose a great many distinguishing features such as no claim was made or attempted to be made in the *Lineberry case,* and therefore, no jurisdiction acquired by the Industrial Commission until after claimant became eighteen (18) years of age, and then it was made within the next succeeding twelve (12) months. For a full study of this case, see *Lineberry v. Town of Mebane, supra,* and Annotations in 142 A. L. R. 1033. For a

clear understanding of instant case, it is best that we consider what transpired in chronological order. Claimant was born February 26, 1924, and suffered a serious and permanent injury to his left hand on February 14, 1941, which was a few days prior to his becoming seventeen (17) years of age, such injury arising out of and in the course of his employ. Claim was properly filed with the Industrial Commission February 26, 1941. Earl Gilliard, father of the claimant, signed the agreement for temporary total disability and the weekly checks for Seven and 19/00 ($7.19) Dollars were issued to him as the natural guardian and he endorsed them over to the claimant. Claimant returned to work June 17, 1941. Therefore, the amount so received did not exceed Three Hundred ($300.00) Dollars.

Section 7035-50(b) of the South Carolina Workmen's Compensation Act provides as follows:

"Whenever payment is made to any person eighteen years of age or over, the written receipt of such person shall acquit the employer. In case where an infant or minor under the age of eighteen shall be entitled to receive a sum or sums amounting in the aggregate to not more than three hundred ($300.00) dollars as compensation for injuries, or as a distributive share by virtue of this article, the father, mother, or natural guardian upon whom such infant or minor shall be dependent for support shall be authorized and empowered to receive and receipt for such moneys to the same extent as a guardian of the person and property of such infant or minor duly appointed by proper court, and the release or discharge of such father, mother, or natural guardian shall be full and complete discharge of all claims or demands of such infant or minor thereunder."

No question is raised as to the validity of anything that has transpired up to this point; in fact, appellant takes the position that all such transactions are valid and all parties bound thereby; therefore, the Industrial Commission unquestionably had jurisdiction thus

far, and once having acquired jurisdiction, retains it until final adjudication. When a claim is filed all elements of compensation are included. It was not contemplated by the act that different parts of the total result of one accident should be regarded as separate claims. *Halks v. Rust Engineering Company,* 208 S. C. 39, 36 S. E. (2d) 852; *Gold v. Moragne,* 202 S. C. 281, 24 S. E. (2d) 491. The amount involved thus far not being in excess of Three Hundred ($300.00) Dollars, it was proper for the father to act as the natural guardian, which he did, and when he receipted and acquitted the employer for these payments, the minor was bound as though he were of age.

On August 22, 1941, an agreement was executed in the usual form, reciting the previous award for temporary total disability, and that Clarence Gilliard had returned to work on June 30, 1941. The agreement was for 85 1/4 weeks compensation for the specific loss—75% loss of index finger, 90% loss of middle finger, 100% loss of ring finger, and 80% loss of little finger. This agreement was signed by Earl M. Gilliard as the father of Clarence Gilliard.

After a hearing on August 27, 1941, the Hearing Commissioner filed his opinion and award the same day, stating that the purpose of the hearing was: "To approve agreement submitted, and to determine extent of disfigurement, and any other question that may arise under the Workmen's Compensation Act". The conclusion expressed in the Opinion and Award is "That the agreement reached by the defendants and claimant as to the total disability, also the permanent and specific loss, is in accordance with the Workmen's Compensation Act", and "that the disfigurement is obnoxious and will certainly handicap the claimant in procuring or holding a position". The award is: "The defendants shall pay to the *claimant, Clarence Gilliard,* one thousand ($1,000.00) dollars for serious bodily disfigurement".

Thereafter claimant's attorney at that time, who is not the one now representing him, filed an undated application

for payment in a lump sum signed by Clarence Gilliard, stating: "I desire to receive the balance of compensation for my permanent injury in a lump sum, so that I can buy a farm, which has been priced to me at $1,000.00". On September 5, 1941, Commissioner Hyatt advised claimant's attorney and the carrier by letter that "application for lump sum payment of specific award has been approved by this Commission".

On September 13, 1941, the carrier filed the "Final Compensation Receipt", dated September 5, 1941. It was signed "E. M. Gilliard". It acknowledged the receipt of total compensation in the amount of One Thousand Seven Hundred Forty and 05/100 ($1,740.05) Dollars, included in which were the amounts of the award for specific loss and for disfigurement. At the same time, the carrier also filed its "Closing Report" on form 18.

At the time of the hearing of August 22, 1941, and at all times subsequent thereto, claimant was denied the benefit of a guardian as required by Section 7035-50 (c) of the South Carolina Workmen's Compensation Act, which provides as follows:

"Whenever any payment of over three hundred ($300.00) dollars is made to a minor under eighteen years of age, or to a dependent child over the age of eighteen years, the same shall be made to some person or corporation appointed by the probate court as a guardian and the receipt of such guardian shall acquit the employer."

No question of a change of condition is involved here. The entire case rests upon whether claimant is entitled to a hearing and award upon his original claim filed in 1941 or is forced to file a new one.

Commission Rule 11 requires compensation payments must be made promptly and in strict accordance with the awards issued by the Commission. The Act places upon the Commission the responsibility of seeing that this is done, and being statutory, it must be strictly adhered to. The case

cannot be closed finally, terminated, and jurisdiction surrendered until the records show all payments provided for in the award not only have been made, but they have been paid in strict accordance with the award. The claimant being a minor and the amount being in excess of Three Hundred ($300.00) Dollars, the father had no right under the statute to receive such funds and acquit the employer thereby in the absence of his being appointed guardian as prescribed by the Workmen's Compensation Act. He was a stranger to the proceedings and the claimant being a minor was acting under the disability thereof. Therefore, the August proceedings were a nullity in that the claimant was not before the Court in the manner prescribed by law.

Section 7035-21 (e) of the Act requires employers to file a final report showing compliance with the award. Here the final report was filed, but instead of showing compliance with the award, it shows the amounts were paid to E. M. Gilliard, while the award directs they be paid to the claimant, Clarence Gilliard.

A claim for compensation lawfully constituted and pending before the commission may not be dismissed without a hearing and without some proper form of final adjudication. No statute of limitation runs against a litigant while his case is pending in court. Cases before the Industrial Commission should be disposed of by some award, order, or judgment final in its effect, terminating the litigation. *Halks v. Rust Engineering Company, supra; Hanks v. Southern Public Utilities Company,* 210 N. C. 312, 186 S. E. 252, 257.

The foregoing has application to any claimant but where minors' rights are involved, the courts of this state are very diligent in the protection of such rights as evidenced by the holding of this Court in the case of *Simpson v. Doggett et al.,* 159 S. C. 294, 156 S. E. 771; wherein a consent judgment was vacated on the ground that the guardian *ad litem* was not diligent and did not properly look after the interest

of the minor in that said minor was not adequately compensated for her injuries.

For the foregoing reasons, this Court is of the opinion:

(1) That the claim was properly filed.

(2) That the Industrial Commission thereby acquired jurisdiction of the subject matter.

(3) That the award and resultant payments for temporary total disability were in order and binding upon all parties.

(4) That the August, 1941, proceedings whereby an award and payments were attempted for specific loss and disfigurement were voided at the election of the claimant.

(5) That the Industrial Commission having already acquired jurisdiction, the statute is tolled and it is unnecessary that a new claim be filed.

(6) That the claimant is entitled to a hearing before the Industrial Commission for the purpose of ascertaining what award, if any, he is entitled to as damages for specific loss and disfigurement arising out of the injuries sustained February 14, 1941.

The case is therefore remanded to the Court of Common Pleas for Greenville County with instructions that it be in turn remanded to the Industrial Commission for the above-stated reasons.

Judgment reversed and remanded.

BAKER, CJ., concurs.

FISHBURNE, STUKES and OXNER, JJ., concur in result.