21935

A. J. HENDERSON, Respondent, v. WEST POINT PEPPERELL, INC., Appellant.

(303 S. E. (2d) 859)

*H. Grady Kirven,* of *Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, *for appellant.*

*Richard S. Vaughan, Jr.,* Anderson, *for respondent.*

June 7, 1983.

HARWELL, Justice:

Appellant alleges the circuit court erred in affirming an award by the Industrial Commission. We disagree and affirm.

This workers' compensation case arises out of an accident which occurred on January 11, 1977 in which respondent injured his back while working for appellant. Respondent's physician diagnosed a ruptured disc but initially decided to treat him conservatively in order to avoid surgery. Appellant admitted respondent's claim and paid him temporary total benefits from January 13, 1977 until March 28, 1977 when he returned to work. On August 6, 1977 appellant terminated respondent for excessive absenteeism. He attempted to work for two other employers but was unable to continue employment for any length of time due to his injury. In June 1978 respondent's physicians surgically removed the disc. On July 28, 1978, respondent filed a claim with the Industrial Commission for compensation for permanent disability.

Appellant contends that the claim is barred by the time limit set in the change of condition statute, S. C. Code Ann. § 42-17-90 (1976). The statute provides for commission review within twelve months from the date of the last payment of compensation.

The circuit court affirmed an award by the full commission and the individual commissioner. The court held that the one year statute of limitations for change of condition did not apply to respondent but that the two year period for filing workers' compensation claims found in S. C. Code Ann. § 42-15-50 (1976) applies. We agree.

On appeal, this Court must affirm an award by the Industrial Commission, in which the circuit court concurred, if substantial evidence supports the findings. *Lark v. Bi-Lo, Inc., et al.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981); *McMillan v. Huntington & Guerry Electric Co., et al.*, 277 S. C. 552, 290 S. E. (2d) 810 (1982).

Our review of the record indicates that ample evidence supports the Industrial Commission's finding that this is not a change of condition case. Respondent's disc problem developed at the 1977 accident. His subsequent claim for additional compensation filed after the surgery was merely part of his initial claim for compensation. To hold that the claim is barred would penalize an employee for filing for temporary rather than permanent disability benefits when he did so because his physicians initially treated him conservatively and postponed surgery.

The case of *Causby v. Rock Hill Printing & Finishing Co.*, 249 S. C. 225, 153 S. E. (2d) 697 (1967), supports our conclusion that no change of condition occurred. In that case, the Court denied claimant additional compensation based on a change of condition because her knee condition had existed at the time of the original award. No change had occurred. Likewise, respondent's ruptured disc was caused by the January 1977 accident and is a continuing, rather than a changed, condition.

Accordingly, we affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.