491 S.E.2d 708

Martha L. ROGERS, Respondent,

v.

SPARTANBURG REGIONAL MEDICAL CENTER and
South Carolina State Accident Fund, Appellants.

No. 2716.

Court of Appeals of South Carolina.

Submitted June 3, 1997.

Decided Aug. 18, 1997.

Rehearing Denied Sept. 18, 1997.

George A. Kastanes, Lexington; and Rose Mary McGregor, Columbia, for appellants.

Charles J. Hodge, Spartanburg, for respondent.

CURETON, Judge:

In this workers' compensation action, the circuit court affirmed the commission and held Martha L. Rogers met the requirements for filing a claim under S.C.Code Ann. § 42–15–40 (1976 & Supp.1996). Spartanburg Regional Medical Center and State Accident Fund (SRMC) appeal. We reverse.[1]

## *Facts*

Rogers injured her back in an accident arising out of and in the course of her employment on July 28, 1986.[2] Rogers reported the accident to her supervisor and continued working that day. Later she experienced problems with her back and sought treatment at the emergency room. She was given an out-of-work excuse for two weeks because of her injury. During those two weeks, SRMC paid Rogers her salary. Rogers testified she was paid workers' compensation benefits in 1986 and 1987, and her medical bills were paid.

---

**1.** Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

**2.** SRMC, after initially disputing the compensability of the injury, conceded at the Full Commission hearing that the injury arose out of and in the course of Rogers' employment.

Rogers returned to work and continued her therapy of muscle relaxants and extra strength pain medication. Her supervisor testified that between 1986 and 1992, she was always in pain. Rogers intermittently sought treatment through August 1992. On September 17, 1992, Rogers had surgery on her back. SRMC paid her vacation and sick time after her surgery. She underwent further surgery in February 1993, returned to work until November 1993, and underwent additional surgery in April 1994.

Rogers filed her workers' compensation claim in July 1993. The single commissioner found Rogers did not sustain an injury by accident arising out of and in the course of her employment. The full commission reversed the single commissioner, as SRMC conceded the accident arose from Rogers' employment. SRMC also challenged the claim arguing it was barred by S.C.Code Ann. § 42–15–40 which requires a claimant to file a claim within two years of the accident. The full commission found Rogers was paid temporary total disability in 1986, the payment thereof constituted the filing of the claim under *Halks v. Rust Eng'g Co.*, 208 S.C. 39, 36 S.E.2d 852 (1946), and the claim was not barred by the statute of limitations imposed by Section 42–15–40. The circuit court affirmed.

### Scope of Review

The findings of the commission will not be set aside so long as they are supported by substantial evidence and not controlled by legal error. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981); *Estridge v. Joslyn Clark Controls, Inc.*, 325 S.C. 532, 482 S.E.2d 577 (Ct.App.1997).

### Discussion

■ SRMC argues there is no substantial evidence to support the finding that Rogers was paid temporary total compensation. We disagree. Rogers testified she was paid benefits including medical expenses after her injury. The only other witness, Rogers' supervisor, testified Rogers was paid while out of work in 1986. SRMC presented no evidence disputing the testimony. This court may not substitute its judgment for that of an agency as to the weight of the

evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Grayson v. Carter Rhoad Furniture,* 317 S.C. 306, 454 S.E.2d 320 (1995). We conclude substantial evidence supports the finding that Rogers was paid temporary total compensation.

SRMC also argues Rogers' claim was barred by the statute of limitations, S.C.Code Ann. § 42–15–40. We agree.

The statute of limitations applicable to workers' compensation claims, like the Workers' Compensation Act as a whole, should be given liberal construction, and any reasonable doubts should be resolved in favor of coverage. *Peay v. U.S. Silica Co.,* 313 S.C. 91, 437 S.E.2d 64 (1993); *Mauldin v. Dyna–Color/Jack Rabbit,* 308 S.C. 18, 416 S.E.2d 639 (1992); *Gold v. Moragne,* 202 S.C. 281, 24 S.E.2d 491 (1943). Section 42–15–40 requires a claim to be filed within two years after an accident. Without question, Rogers failed to comply with the technical requirements of this section.

Nonetheless, Rogers cites case law in support of the proposition that our Supreme Court has held that the payment of temporary total disability constitutes "filing" within the meaning of § 42–15–40. *See Halks v. Rust Eng'g Co.,* 208 S.C. 39, 36 S.E.2d 852 (1946); *Gold v. Moragne,* 202 S.C. 281, 24 S.E.2d 491 (1943). Rogers' reliance on these cases is misplaced. In both *Halks* and *Gold,* the parties entered into written agreements which provided that the employer would pay the employee benefits due to an injury. The Court in each case held that the payment of workers' compensation benefits pursuant to the terms of the agreements constituted "filing" even though no written instrument specifically designated as a claim for the particular form of compensation sought was filed with the commission within the one year statute of limitations applicable at that time. Here, however, there exists no written agreement between the parties providing for the payment of workers' compensation benefits. Thus, neither *Halks* nor *Gold* is availing under the facts of this case.

Rogers also refers this court to the holding of *Hopkins v. Floyd's Wholesale,* 299 S.C. 127, 382 S.E.2d 907 (1989) for

the proposition that an employer may be estopped from asserting the statute of limitations if the employer induces a claimant to believe the claim is compensable and will be taken care of without its being filed within the period required by statute. In *Hopkins,* the Supreme Court affirmed this court's holding that the statute of limitations was tolled during the period of the employee's reliance. *Id.* In the instant case, the only evidence as to the period of Rogers' reliance on assurances that her claim would be handled without a formal filing is her own testimony that she was paid workers' compensation benefits in 1986 and 1987. Assuming the accuracy of that testimony, the latest possible date of the last payment of benefits to her was December 31, 1987. Because *Hopkins* only provides that the statute is tolled during the time of the employee's reliance, Rogers was required to file a workers' compensation claim within two years of the date of the last payment of benefits to her. Because there is no evidence that Rogers filed a workers' compensation claim within two years after the date of the last payment of benefits to her, we hold the trial court erred in failing to find that her claim is barred by the statute of limitations.

For the foregoing reasons the order of the trial court is REVERSED.

HEARN and STILWELL, JJ., concur.