518 S.E.2d 599

**William Leroy HAMILTON, Appellant,**

v.

**BOB BENNETT FORD, Employer, and South Carolina Automobile Dealers Association, Carrier, Respondents.**

No. 3004.

Court of Appeals of South Carolina.

Submitted May 13, 1999.

Decided June 1, 1999.

Rehearing Denied Aug. 28, 1999.

Lex A. Rogerson, Jr.; and S. Belinda Ellison, both of Lexington, for Appellant.

L. Elaine Mozingo, of Barnes, Alford, Stork & Johnson, of Columbia, for Respondents.

ANDERSON, Judge:

In this Workers' Compensation case, William Leroy Hamilton appeals the Circuit Court's affirmance of the Full Commission's order denying his claim for benefits. The Commission found the statute of limitations barred his action. We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

Hamilton was employed as an auto mechanic. He sustained an admitted injury on September 9, 1992, while working at Bob Bennett Ford when he fell as he stepped off a hydraulic lift hitting his back and his hip. After the accident, Hamilton was treated by Dr. Walter Connor, his family doctor, who diagnosed bursitis of the right hip.

The Form 12A, Employer's First Report of Injury, identified the date and circumstances of the accident and the employees who knew of the accident. It described Hamilton's injuries as pulled ligaments on the hip and right leg.

On November 24, 1992, Hamilton and Bob Bennett executed an Agreement for Compensation and a Receipt of Compensation. Under the rules and regulations of the Workers' Compensation Commission, an Agreement for Compensation is a Form 15 and a Receipt of Compensation is a Form 17. The Form 15 listed the date of the accident, the part of the body injured, the compensation rate, and the date Hamilton began receiving temporary total disability, which was September 16, 1992. The Workers' Compensation Commission approved the Form 15 on December 23, 1992. The Form 17 stated Hamil-

ton received temporary compensation from September 16, 1992, to September 20, 1992, and returned to work without restriction on September 21, 1992. The Form 17 provided:

I agree that I was disabled for the period indicated and I was paid compensation as shown above. I UNDERSTAND THAT I GIVE UP NO RIGHTS TO COMPENSATION FOR FUTURE DISABILITY, FOR PERMANENT DISABILITY, DISFIGUREMENT, OR MEDICAL CARE.

Hamilton returned to work on September 21, 1992, and continued his employment with Bob Bennett for approximately two years. In April of 1994, Hamilton began seeing Dr. Gregory Konduros, a general practitioner, who referred him to Dr. Ralph Owings, an orthopaedic surgeon. Dr. Owings saw Hamilton on April 27, 1994. Dr. Owings diagnosed Hamilton as having a herniated disc and spinal stenosis. After treating Hamilton with steroid injections, Dr. Owings operated on his back on July 28, 1994. Hamilton has not worked since April, 1994.

Hamilton's wife contacted Bob Bennett's insurance carrier in either late 1993 or June of 1994 requesting additional benefits. Dr. Owings advised the insurance representative in writing that the herniated disc was causally related to the September, 1992, accident. By letter dated November 1, 1994, the carrier informed Hamilton that it was denying his claim for any future Workers' Compensation benefits.

On December 9, 1996, Hamilton filed a Form 50 alleging he was entitled to total disability or, in the alternative, permanent partial disability, payment of medical treatment for herniated disc, and temporary total disability benefits arising out of the admitted injury. In its Form 51, Bob Bennett denied the claim asserting the "[s]tatute of limitations ha[d] run for filing [a] claim." The Single Commissioner found Hamilton's claim was barred by the applicable statute of limitations. The Full Commission and the Circuit Court affirmed.

### ISSUES

I. Did the Circuit Court err in affirming the Full Commission's finding the statute of limitations barred Hamilton's claim?

II.   Did the Circuit Court err in affirming the Full Commission's ruling allowing the admission of certain hearsay testimony?

## STANDARD OF REVIEW

■ The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981).   In an appeal from the Commission, this Court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law.   S.C.Code Ann. § 1–23–380(A)(6) (Supp.1998); *Lark, supra; Stephen v. Avins Constr. Co.,* 324 S.C. 334, 478 S.E.2d 74 (Ct.App.1996).   *See also Smith v. Union Bleachery/Cone Mills,* 276 S.C. 454, 456, 280 S.E.2d 52, 53 (1981) (court may reverse or modify agency's decision " 'if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are ... affected by other error of law.' "); *Lyles v. Quantum Chem. Co. (Emery),* 315 S.C. 440, 434 S.E.2d 292 (Ct.App. 1993) (in reviewing decision of Workers' Compensation Commission, Court of Appeals will not set aside its findings unless they are not supported by substantial evidence or they are controlled by error of law).   The appellate court's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law.   *See Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981).

■ In this case, the issue of whether the statute of limitations bars Hamilton's claim is a question of law, rather than of fact.   *See Mize v. Sangamo Elec. Co.,* 251 S.C. 250, 161 S.E.2d 846 (1968); *Lesley v. Lesley,* 53 S.C. 44, 30 S.E. 635 (1898).

## LAW/ANALYSIS

### I.   Statute of Limitations

Hamilton contends the Full Commission erred in concluding his Workers' Compensation claim was time barred.   He ar-

gues the approved Form 15 satisfied the statute of limitations. We agree.

"The right to compensation under [the Workers' Compensation act] is barred unless a claim is filed with the [C]ommission within two years after an accident." S.C.Code Ann. § 42–15–40 (Supp.1998). In statutorily debarring stale claims filed by delinquent claimants, the General Assembly established a bright line, time-oriented, all-encompassing defense. The sometimes harsh and onerous statute of limitations defense has been ameliorated by a commonsensical and practical approach emanating from our Supreme Court. In a line of concatenated rulings beginning with *Gold v. Moragne*, 202 S.C. 281, 24 S.E.2d 491 (1943), a doctrine has emerged which satisfies the mandate of § 42–15–40.

In *Gold*, the employee fractured his neck in a work related accident on May 27, 1938. Immediately after the accident, the employee was given medical and hospital treatment by his employer and the insurance carrier. No written instrument specifically designated as a claim was filed with the Industrial Commission within the one year statute of limitations in effect at the time. Instead, an agreement, which was dated July 20, 1938, and signed by all the parties, was filed with and approved by the Industrial Commission on July 22, 1938, less than sixty days after the accident occurred. Pursuant to the agreement, the employee would receive weekly compensation until terminated in accordance with the provisions of the Workers' Compensation Act. The agreement stated the date of the injury, the place and cause of the accident, and the nature of the injury.

Weekly installments were paid up to and including June 9, 1939, a little over a year after the accident, but were then discontinued by the employer and insurance carrier. The employee hired an attorney who scheduled a hearing. At the hearing, the employee moved to amend the notice of hearing to include a claim for reasonable compensation for serious bodily disfigurement. The motion was overruled on the ground that the employee could call for another hearing on disfigurement at a later date. In an order dated May 9, 1942, the employee was awarded a lump sum settlement for partial disability.

On August 7, 1940, the employee gave written notice to the Commission requesting a hearing with reference to compensation for disfigurement. For the first time, the employer and the insurance carrier took the position that any claim for disfigurement was barred by the statute of limitations. The Single Commissioner held the claim for compensation for disfigurement was not barred by the statute of limitations. The Full Commission affirmed. The Circuit Court, however, reversed finding the claim had not been filed with the Commission within one year after the accident and was, thus, barred by the statute of limitations. In reversing the decision of the Circuit Court, the Supreme Court declared:

While it was unquestionably the purpose of the limitations written in the Act to protect employers and insurance carriers against "long delayed demands," as stated in our case of *Wallace v. Campbell Limestone Company*, 198 S.C. 196, 17 S.E.2d 309, 311, it is also evident that this Section should be given a liberal construction, especially in view of the fact that in all bona fide cases (except death cases) the claimant is an injured person, and frequently must be confined in a hospital, as was the claimant in this case. And moreover, many of the claimants are without counsel, as was the claimant in this case until after the expiration of the one-year period. Furthermore, the extent of the injury is not always immediately apparent; nor was it in this case.

Hence the Courts construing similar statutory provisions are practically in accord in holding that these statutes do not contemplate the filing of a claim having the same particularity as a formal pleading or stating "all the elements of a cause of action"; and that the law would be sufficiently complied with if the claim in whatsoever form sets forth enough facts to apprise the employer of the time, place, and character of the accident, and the general nature of the injury, so that it may be understood that the claimant expects to receive the benefits provided by the Act.

. . . .

And it appears to have been held in a number of jurisdictions that an agreement to pay compensation, "filed with and approved by the Commission, answers the statutory requirement that the claim for compensation be made within a specified time, and the same has been held to be so as

regards an agreement filed with the board but not yet acted upon by it."

We think the sound principle just announced applies with special force to the instant case, because the agreement for compensation for temporary total disability, timely filed and approved as hereinbefore stated, gives all the information that could reasonably be required to be contained in a claim to be filed by or in behalf of an employee. . . .

*Gold,* 202 S.C. at 288–89, 24 S.E.2d at 493–94 (citations omitted).

Gold's employer argued the agreement made no reference to any claim for disfigurement and, hence, could not be considered as covering such a claim. The *Gold* Court rejected the Circuit Court's conclusion Gold's claims for disability and disfigurement were separate and distinct. Ruling the claim "need not state all of the deleterious effects arising out of the accident," the Court explained: "[W]hen the Industrial Commission has jurisdiction to pass on any element of compensation, all elements are included; and it was not contemplated by the Act that different parts of the total result of one accident should be regarded as separate claims." *Gold,* 202 S.C. at 291, 24 S.E.2d at 494–95.

Two years after *Gold,* the Supreme Court decided *Lowther v. Standard Oil Co.,* 206 S.C. 286, 33 S.E.2d 889 (1945). In *Lowther,* the employee, a sales agent for Standard Oil, was injured in an admitted employment related accident on January 24, 1939. The employer was immediately notified of the accident and provided a physician to treat the employee. A written report of the accident was furnished to the employer. On March 9, 1939, the parties executed an agreement titled "Standard Form No. 15 for Agreement as to Compensation" which was provided by the Industrial Commission. *Id.* at 288, 33 S.E.2d at 889. The agreement set out the facts of the accident and provided the employee would receive a weekly compensation rate " 'until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of South Carolina.' " *Id.* The Form 15 was in the Industrial Commission's file, although there was no notation thereon that it had been filed nor was there any explanation of how it came into the possession of the Commission.

The employee, with the assistance of his wife and son, continued to sell and distribute Standard Oil products under the employee's sales agent contract. His gross earnings remained the same as prior to his injury. Since there was no material difference in the employee's gross earnings prior to and following his accident, the employer did not pay out any amount under the Workmen's Compensation Act by reason of the employee's disability. In September, 1939, the employer refused to renew the employee's sales agent contract. One month later, the employer advised the employee that it denied his entitlement to Workers' Compensation benefits. On February 6, 1940, the employee filed a claim for compensation. The employer asserted the claim was barred because the employee had failed to file his claim with the Commission within one year from the date of the accident. The Single Commissioner agreed with the employer. The Full Commission and Circuit Court affirmed. On appeal, the Supreme Court addressed whether the employee's claim was barred by the "Workmen's Compensation Act, the [employee] not having himself formally filed claim with the Industrial Commission within one year from the date of his injury." *Lowther*, 206 S.C. at 291, 33 S.E.2d at 890.

The *Lowther* Court found:

Here, the employer (respondent) had notice that [the employee] was claiming and would claim benefits under the Workmen's Compensation Act; and information concerning the accident suffered by [the employee] was forwarded to the Industrial Commission by [the employer], but it did not "file" a claim on behalf of [the employee] with the Commission; and acting upon information furnished by [the employer] in a letter to the Industrial Commission on May 9, 1939, the Commission closed its "file" in respect to this accident. So, it would appear that the [employer] had presumed to act for and on behalf of the [employee] in the filing with the Industrial Commission of information concerning his accident and injury; and the only source from which the Industrial Commission could have received the Standard Form 15 for "Agreement as to Compensation" was the [employer], and not the [employee].

If the "Agreement as to Compensation" entered into by and between [the employee] and [the employer] is to be

considered as a "Settlement" (although no amount was paid thereunder as compensation, the [employee's] earnings until his sales contract with [the employer] expired having remained approximately the same), then Section 18 of the Workmen's Compensation Act made it the duty of the [employer] to file a copy of this settlement agreement with the Industrial Commission, and this provision of the Act was not complied with by the [employer].

Under the circumstances of this case, it seems to us that the [employer] is estopped from being advantaged by reason of the fact that the [employee] did not formally file his claim with the Industrial Commission within one year from the date of the accident, especially when this Court has recognized the weight of authority to be that, under certain circumstances, an employer may waive the filing by an employee of a claim in any form whatever.

*Lowther*, 206 S.C. at 291–92, 33 S.E.2d at 891.

The issue was revisited in *Halks v. Rust Eng'g Co.*, 208 S.C. 39, 36 S.E.2d 852 (1946). Halks, an employee of Rust Engineering Company, suffered an admitted work related accident on April 21, 1941, when the scaffold on which he was working collapsed and he fell about twenty feet to the concrete below. Halks spent over a month in the hospital. The insurance carrier's claims adjuster visited Halks in the hospital and the parties entered into an agreement "in the usual form which provided for the payment of compensation from the date of the injury 'until terminated in accordance with the provisions of the Workmen's Compensation Law.'" *Id.* at 42, 36 S.E.2d at 853. The Industrial Commission approved the agreement and awarded compensation for temporary total disability.

On May 29, 1941, one day before Halks left the hospital, the employee's attorney requested the case be docketed and set "'for an early hearing.'" *Id.* at 42, 36 S.E.2d at 853. The Commission, noting Halks was drawing temporary total disability, responded a hearing would be premature because Halks was still in the hospital. The carrier discontinued the payments on October 6, 1941, based on Halks's doctor's statement that Halks could return to work. Although Halks refused to sign a final settlement receipt, the carrier closed the case. In a letter dated October 3, 1942, the carrier

informed the Commission that all compensation due had been paid. On August 12, 1943, Halks wrote the Commission requesting further compensation.

At the hearing before the Commissioner, the employer and carrier objected to the jurisdiction of the Commission on the ground any further claim by Halks was barred because more than a year had elapsed since the date of the last payment of compensation. The Commissioner overruled the objection and awarded Halks compensation. The Full Commission and the Circuit Court affirmed the award.

On appeal, the employer argued that, because it had closed the employee's file when it made the last payment of compensation in January of 1942, any further claim for compensation was barred except on the ground of a change in condition under Section 46 of the Workmen's Compensation Act, which provided " 'no such review shall be made after twelve months from the date of the last payment of compensation.' " *Id.* at 44, 36 S.E.2d at 854. The employer made no contention there was a failure to comply with Section 24(a) of the Act, which required a claim for compensation to be filed within one year after the accident. Halks asserted he was not seeking review of an award on the ground of a change in condition, but was seeking compensation on his original claim. The Court held:

> [Halks's] claim in the instant case included not only compensation for temporary total disability, but also for any permanent disability or disfigurement. This claim has never reached a final hearing. There has been only an agreement as to compensation for temporary total disability. Neither permanent disability nor disfigurement has ever been considered.
>
> ... [W]e do not think the right of a claimant to further compensation can be adjudicated without notice to him and an opportunity afforded for a hearing, if he desires to contest the issue.
>
> . . . .
>
> ... "A Claim for compensation lawfully constituted and pending before the commission may not be dismissed without a hearing and without some proper form of final adjudication. No statute of limitations runs against a litigant while his case is pending in court." ... [C]ases before the

Industrial Commission "should be disposed of by some award, order, or judgment final in its effect, terminating the litigation."

We conclude that [Halks's] claim for compensation was still pending before the Industrial Commission when it made the award in question. Viewing the matter in this light, we think it is clear that Section 46 is not applicable. [Halks] is not seeking to increase or modify a previous award on the ground of a change in condition, but is asking for a final determination of his original claim. . . . The situation is analogous to that of a case pending in court which is allowed to remain on the calendar for a long period of time without either party making any effort to secure a final determination. The result of this conclusion is not, as suggested by [the employer's] counsel, to permit a claim to remain pending indefinitely. . . . "[I]t was at all times open to the defendant (employer and carrier) to move for a hearing, or to the Commission of its own motion, upon notice, to order a hearing. But this was not done."

*Halks*, 208 S.C. at 45–47, 36 S.E.2d at 854–55.

In *Gilliard v. Victor–Monaghan Co.*, 211 S.C. 68, 44 S.E.2d 109 (1947), the employee was injured in a work related accident on February 14, 1941, a few days before his eighteenth birthday. Ten days after the accident, the employee's father entered into an agreement for the payment of compensation for temporary total disability. The Commission approved the agreement. The employee turned eighteen on February 26, 1941. Payments were made to the father who endorsed them over to the employee. In August of 1941, the Commission approved an agreement signed by the father regarding compensation for specific loss. Additionally, the Commission made an award for disfigurement. The checks for specific loss and disfigurement, each for more than $300, were made payable to the father, who had not qualified as a guardian. The father converted the proceeds of the checks to his own use, except for the amount of the attorney's fee.

The applicable provision of the Workmen's Compensation Act in effect at the time allowed a parent or natural guardian to receive up to $300 as compensation for injuries to minors and to acquit the employer. Any amounts exceeding $300

were required to be paid to a guardian. On July 5, 1945, the employee wrote the Commission requesting a hearing to fix the amount of compensation for the February 14, 1941, accident. After a hearing, the Commissioner held the employee "was barred from recovery by the one year limitation in that he had not filed his claim within twelve (12) months after becoming eighteen (18) years of age, and that having elected to repudiate the 1941 proceedings was forever barred thereby, and dismissed the claim." *Id.* at 70, 44 S.E.2d at 110. The Full Commission and the Circuit Court affirmed.

On appeal, the employee argued the lump sum payments for specific loss and disfigurement were void. He further maintained all prior acts, such as the filing and acceptance of the claim and payment thereunder for temporary total disability of amounts aggregating less than $300, were valid.

In reversing the Circuit Court, the *Gilliard* Court relied on the *Halks* rule that "[a] claim for compensation lawfully constituted and pending before the commission may not be dismissed without a hearing and without some proper form of final adjudication." *Id.* at 75, 44 S.E.2d at 112. The Court found the employee's claim was properly filed with the Commission, thereby vesting the Commission with subject matter jurisdiction. The Court further ruled (1) the award and resulting payments for temporary total disability were in order and binding upon all parties; (2) the August, 1941, proceedings whereby an award and payments were attempted for specific loss and disfigurement were voided at the election of the claimant because a guardian had not been appointed as required by the Act; (3) the statute was tolled and it was unnecessary for a new claim to be filed; and (4) the employee was entitled to a hearing before the Commission for the purpose of ascertaining what award, if any, he was entitled to as damages for specific loss and disfigurement arising out of his work related injury.

More recently, in *Rogers v. Spartanburg Regional Medical Center*, 328 S.C. 415, 491 S.E.2d 708 (Ct.App.1997), *cert. granted*, January 22, 1998, this Court discussed the statute of limitations issue. Rogers, an employee of Spartanburg Regional Medical Center (SRMC), injured her back in an accident arising out of and in the course of her employment on

July 28, 1986. The employer voluntarily paid the employee's medical bills and her salary for the two weeks she missed from work because of her injury. The employee admitted she was paid Workers' Compensation benefits in 1986 and 1987. She had continued medical problems requiring several surgeries. The employee did not file a Workers' Compensation claim until July, 1993.

The Single Commissioner found Rogers did not sustain an injury by accident arising out of and in the course of her employment. The Full Commission reversed the Single Commissioner, as SRMC conceded the accident arose from Rogers' employment. SRMC challenged Rogers' claim arguing it was barred by § 42–15–40. The Commission found (1) Rogers was paid temporary total disability in 1986; (2) the payment thereof constituted the filing of the claim under *Halks, supra;* and (3) the claim was not barred by the statute of limitations imposed by § 42–15–40. The Circuit Court affirmed.

On appeal, SRMC alleged Rogers' claim was barred by the statute of limitations, § 42–15–40. This Court enunciated:

Rogers' reliance on [*Halks v. Rust Eng'g Co.,* 208 S.C. 39, 36 S.E.2d 852 (1946), and *Gold v. Moragne,* 202 S.C. 281, 24 S.E.2d 491 (1943),] is misplaced. In both *Halks* and *Gold,* the parties entered into written agreements which provided that the employer would pay the employee benefits due to an injury. The Court in each case held that the payment of workers' compensation benefits pursuant to the terms of the agreements constituted "filing" even though no written instrument specifically designated as a claim for the particular form of compensation sought was filed with the commission within the one year statute of limitations applicable at that time. Here, however, there exists no written agreement between the parties providing for the payment of workers' compensation benefits. Thus, neither *Halks* nor *Gold* is availing under the facts of this case.

Rogers also refers this court to the holding of *Hopkins v. Floyd's Wholesale,* 299 S.C. 127, 382 S.E.2d 907 (1989) for the proposition that an employer may be estopped from asserting the statute of limitations if the employer induces a claimant to believe the claim is compensable and will be taken care of without its being filed within the period

required by statute. In *Hopkins*, the Supreme Court affirmed this court's holding that the statute of limitations was tolled during the period of the employee's reliance. . . . Because *Hopkins* only provides that the statute is tolled during the time of the employee's reliance, Rogers was required to file a workers' compensation claim within two years of the date of the last payment of benefits to her. Because there is no evidence that Rogers filed a workers' compensation claim within two years after the date of the last payment of benefits to her, we hold the trial court erred in failing to find that her claim is barred by the statute of limitations.

*Rogers*, 328 S.C. at 418–19, 491 S.E.2d at 710–11.

The lead commentator in this country on Workers' Compensation law posits the general rule: "Even under a statute that specifically requires the filing of a claim, most courts will accept as the equivalent of a statutory claim any paper that contains the substance usually supplied by a formal claim, although the form may be defective." 3 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 77A.31 (1998). A Form 15 gives all of the information that could reasonably be required to be contained in a claim.

Bob Bennett contends *Gold* and its progeny are not applicable to this case because Hamilton signed a Form 17 stating he had returned to work without restriction on September 21, 1992. It maintains the only issue before the Commission was the issue of temporary total disability, with final adjudication pursuant to the Form 17. An employer can submit a Form 17 to a claimant for signature "[w]hen the claimant completes fifteen calendar days of work, or fifteen days after the claimant agrees he or she could have returned to work." 25A S.C.Code Ann.Regs. 67–505(E) (Supp.1998). Temporary compensation is terminated by the filing of the signed Form 17. *Id.* However, a signed Form 17 does *not* terminate an employee's claim or affect his right to apply for future benefits. *Id.* Specific language in Form 17 expressly preserves any right to future benefits by a claimant. Here, the Form 17 was not approved by the Commission. Moreover, it was not, as advanced by Bob Bennett, an order or judgment final in its effect terminating litigation.

In the case *sub judice,* Hamilton and Bob Bennett executed a Form 15 agreement that was approved by the Commission within four months of Hamilton's accident. The agreement contained all of the information necessary for the filing of a claim. Furthermore, the Form 17 did not have the effect of terminating Hamilton's claim. The Form 17 clearly stated Hamilton had not given up the right to further compensation. Once the Form 15 was timely filed and approved, the claim was established and the statute of limitations could no longer pose a bar.

Bob Bennett argues *Henderson v. West Point Pepperell, Inc.,* 279 S.C. 171, 303 S.E.2d 859 (1983), controls in statute of limitations cases where a Workers' Compensation claimant signs a Form 17 and returns to work. This reliance is misplaced. There is no reference to a Form 17 in *Henderson.* Any contention otherwise is mere speculation. Further, no other writing is mentioned in *Henderson.* There is no indication of any agreement approved by the Commission. *Henderson* does not imply that Form 17 changes anything.

As an alternative ground for affirming the Commission's decision to deny Hamilton's claim based on the statute of limitations, Bob Bennett claims *Hopkins v. Floyd's Wholesale,* 299 S.C. 127, 382 S.E.2d 907 (1989),[1] governs because there was no Form 15 between the parties regarding a *back* injury so that "the cases relied on by [Hamilton] for the proposition that the filing of a Form 15 constitutes the filing of a claim do not apply to the case at bar." This assertion is erroneous.

According to *Hopkins,* where a claimant fails to file a claim within the limitations period and the employer makes voluntary compensation payments that lead the claimant to believe his claim will be honored, the two year statute of limitations period applicable to Workers' Compensation claims is *tolled* during the period of the claimant's reliance. The sole issue before the *Hopkins* Court was the appropriate rule governing the period for timely filing of Workers' Compensation claims following a reliance period. Here, it is unnecessary to apply tolling rules because Hamilton satisfied the statute of limita-

---

1. Bob Bennett relies on the case of *Hopkins v. Floyd's Wholesale,* 295 S.C. 154, 367 S.E.2d 447 (Ct.App.1988), which was decided by the Court of Appeals. In 1989, the Supreme Court affirmed *Hopkins.*

■■■■■■■■■■■■■■■■

tions by means of the Form 15 before the reliance period even began.

*Hopkins* does not overrule *Gold*. The two cases address different issues. In *Hopkins*, the Supreme Court noted an employer may be *estopped* from asserting the statute of limitations as a bar to subsequently filed Workers' Compensation suits if by his conduct he has induced the claimant to believe the claim is compensable and will be taken care of without its being filed with the Commission within the limitations period. Neither this case nor *Gold* involves estoppel.

■■■■■ Bob Bennett argues Hamilton's disability to the back is not included in his claim because the Commission-approved Form 15 refers only to a *hip and leg* injury. Yet, when a claim is filed, all elements of compensation are included. It was not contemplated by the Act that different parts of the total result of one accident should be regarded as separate claims. *Gold v. Moragne*, 202 S.C. 281, 24 S.E.2d 491 (1943). A compensation claim embraces all of the eventual effects of a single accident. A claimant may not know the full extent of his injury when the claim is filed. It is not necessary that the claim state all of the injurious effects arising out of the accident. Limiting the scope of the claim to the narrow injury listed in the Form 15 would encourage gross overreaching. Although the Form 15 listed Hamilton's injury as to his hip and leg only, the Form 15 is sufficient to initiate a claim for injuries to his back, if the injuries to his back arose out of the same accident.[2]

## II. Hearsay

Hamilton claims the Single Commissioner erred in allowing a defense witness to testify a manager with Bob Bennett told her in a 1994 telephone conference that he had not been notified of Hamilton's continuing back problems. Because the issue will arise again on remand, we address it for the guidance of the Commission. *See Creech v. Ducane Co.*, 320 S.C. 559, 467 S.E.2d 114, 116 (Ct.App.1995); *American Security Ins. Co. v. Howard*, 315 S.C. 47, 431 S.E.2d 604, 609 (Ct.App.1993).

---

**2.** We take no position on whether Hamilton will be able to prove his current ailments arose out of the September, 1992 accident.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE; *Hawkins v. Pathology Assocs.*, 330 S.C. 92, 498 S.E.2d 395 (Ct.App.1998). Hearsay is generally inadmissible. Rule 802, SCRE.

Because the testimony does not fall within one of the established exceptions to the general rule that hearsay is inadmissible, the evidence was not properly admitted. The testimony should not be admitted at the hearing on remand.

## *CONCLUSION*

We hold a Form 15, filed with and approved by the Commission, satisfies the statutory requirement of § 42–15–40 that a claim for compensation be filed within two years after the accident. The Commission erred as a matter of law in holding this claim was barred. Accordingly, we reverse the decision of the Circuit Court affirming the Full Commission's order and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

CURETON and STILWELL, JJ., concur.