THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Elliott McGee,       
Respondent,
 
 
 

v.

 
 
 
Sovran Construction Company and St. Paul Fire & Marine Insurance 
 Co., Defendants,
of whom Sovran Construction Company is the       
Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-494
Submitted June 9, 2003  Filed August 26, 2003 

AFFIRMED

 
 
 
Stanford E. Lacy and Christian Stegmaier, of Columbia, for 
 Appellant.
Ilene Stacey King, of Columbia, for Respondent.
 
 
 

PER CURIAM: In this workers compensation 
 case, the single commissioner awarded Elliot McGee permanent and total disability 
 as a result of his work-related injury.  The Full Commission affirmed the single 
 commissioners entire order and found as an additional fact that McGee sustained 
 more than fifty percent disability to his back.  The circuit court affirmed.  
 Sovran Construction Company appeals, arguing the commissions determination 
 that McGee was unable to perform employment for which a reasonably stable market 
 exists was clearly erroneous in view of the reliable and substantial evidence 
 on the whole record.  Sovran further argues that the commissions award to McGee 
 for having sustained an injury to his back with a disability rating of greater 
 than fifty percent was controlled by error of law.  We affirm. [1] 
FACTS
 While working for Sovran as a concrete 
 finisher, McGee fell from a ladder and landed on his neck and shoulder. McGee 
 went to the emergency room, and was referred to Dr. Dunalp-Deas, who had McGee 
 undergo an MRI.  The MRI indicated spinal stenosis at L4-L5 and a herniated 
 disc at L4-L5 and L5-S1. McGee was then referred to a neurosurgeon who diagnosed 
 lumbar spondylolysis with degeneration of discs and lower back pain possibly 
 due to a lumbar sprain.   The neurosurgeon referred McGee to a pain specialist 
 who determined that in addition to his physical ailments, McGee suffered from 
 anxiety and depression.  The pain specialist believed McGee had reached maximum 
 medical improvement and referred him to Dr. Troyer for a rating.  Dr. Troyer 
 found McGee sustained a ten percent whole person impairment and that he could 
 only perform light duty work and could not kneel, stoop, crawl, or walk as a 
 part of his job. 
McGee has a seventh grade education and 
 has never obtained a GED.   Besides being a concrete finisher for seventeen 
 years, the only other work experience he has is in the weave room of a mill.  
 In the weave room, McGee had to walk around and lift weaves up onto a hanger.   
 McGee testified he would not be able to perform that work anymore because he 
 was unable to stand for long periods and had numbness and pain in his arms. 

The single commissioner found that McGee 
 sustained an injury by accident arising out of and in the course and scope 
 of his employment, resulting in an injury to his back, affecting his legs, arms, 
 groin area (sexual dysfunction) and causing other symptoms, syndromes and diagnoses 
 . . . .  The commissioner found McGee was permanently and totally disabled.  
 Sovran appealed to the full commission, arguing (1) the commissioner should 
 have awarded McGee permanent partial disability under the scheduled member statute, 
 § 42-9-30; and (2) the commissioner erred in finding McGee was permanently disabled 
 under the general disability statute, § 42-9-10, because evidence did not support 
 the finding that McGee had lost his earning capacity.  The full commission affirmed 
 the single commissioners order and amended it, finding as an additional fact 
 that McGee sustained more than fifty percent disability to his back. Sovran 
 appealed to the circuit court, arguing the following grounds:

 (1)    Is the commissions award of 50% to the back supported 
 by substantial evidence where claimants rating was 7% to the spine?
(2)    As a matter of law, is the award of 50% to the back in 
 this case excessive where the rating to the back was 7% to the spine?
(3)    Did the panel confuse loss of earning capacity under 
 § 42-9-10 with impairment under § 42-9-30 in awarding a 50% to the back award 
 (sic)?
(4)    Is the commissions Order inadequate under the Administrative 
 Procedures Act and Hill v. Jones because it does not specify facts upon 
 which it based its 50% to the back award.

The circuit court found the decision of the Commission 
 should be affirmed because the record contains substantial evidence that Respondent 
 has sustained more than 50% disability to his back.  (R. 20) Sovran appeals.
  
ISSUES

 
 Did the circuit court err in affirming the commissions determination that McGee 
 is unable, by training or experience, to perform employment for which a reasonably 
 stable market exists?
 
 
 
 Did the circuit court err in affirming the commissions determination that McGee 
 sustained an injury to his back with a disability rating of greater than 50%?

SCOPE OF REVIEW
The South Carolina Administrative Procedures Act 
 (APA) establishes the standard for judicial review of decisions of the Workers 
 Compensation Commission.  Corbin v. Kohler Co., 351 S.C. 613, 617, 571 
 S.E.2d 92, 94-95 (Ct. App. 2002) (citing Gibson v. Spartanburg Sch. Dist. 
 No. 3, 338 S.C. 510, 526 S.E.2d 725 (Ct. App. 2000);  Hamilton v. Bob 
 Bennett Ford, 336 S.C. 72, 518 S.E.2d 599 (Ct. App. 1999)).  In an appeal 
 from the Commission, this Court may not substitute its judgment for that of 
 the Commission as to the weight of the evidence on questions of fact, but may 
 reverse where the decision is affected by an error of law.  Id. at 617, 
 571 S.E.2d at 95 (citing Hamilton, 336 S.C. at 76, 518 S.E.2d at 601).   
 The appellate courts review is limited to deciding whether the Commissions 
 decision is unsupported by substantial evidence or is controlled by some error 
 of law.  Id.  The findings of an administrative agency are presumed 
 correct and will be set aside only if unsupported by substantial evidence. 
 Id. (citing Hicks v. Piedmont Cold Storage, 335 S.C. 46, 515 S.E.2d 
 532 (1999); Broughton v. South of the Border, 336 S.C. 488, 520 S.E.2d 
 634 (Ct. App. 1999)).  
DISCUSSION
Sovran first argues McGee should not have 
 been found totally and permanently disabled under the general disability statute 
 because there is no evidence in the record that McGee is unable, by training 
 or experience, to perform employment for which a reasonably stable market exists.  
 This issue is not preserved for appeal.
Sovrans notice of intent to appeal to 
 the circuit court states grounds concerning only the commissions finding that 
 McGee suffered greater than fifty percent disability to his back; the notice 
 does not set forth any grounds in opposition to the general disability award 
 pursuant to § 42-17-60.  Section 42-17-60 of the South Carolina Code (1985), 
 provides that notice of appeals from the commission to the circuit court must 
 state the grounds of the appeal or the alleged errors of law.  Sovran admits 
 that it did not list the commissions award under § 42-9-10 in its notice of 
 intent to appeal to the circuit court, but orally presented the issue to the 
 circuit court, thereby amending its grounds for appeal at the hearing.  However, 
 this purported oral amendment occurred on June 11, 2002, well beyond the thirty 
 days an appellant has to file a notice of appeal in the circuit court. 
 [2]   See S.C. Code Ann. § 1-23-380(b) (Supp. 2002).  
In Pringle v. Builders Transport, 
 298 S.C. 494, 381 S.E.2d 731 (1989), Builders Transport filed a notice of intent 
 to appeal the order of the workers compensation commission to the circuit court, 
 but failed to state the grounds or errors of law that supported its appeal.  
 After the time for appeal had expired, Pringle moved to dismiss the case for 
 lack of subject matter jurisdiction.  The trial judge denied the motion and 
 allowed Builders Transport to amend the notice of appeal.  The supreme court 
 reversed, finding the notice of intent to appeal must direct the courts attention 
 to the abuse allegedly committed below, including a distinct and specific statement 
 of the rulings of which appellant complains.  Id. at 495, 381 S.E.2d 
 at 732 (citing Smith v. South Carolina Dept. of Social Svcs., 284 S.C. 
 469, 327 S.E.2d 348 (1985)).  The court further found that the policy of liberally 
 allowing amendment of pleadings does not apply to amendment of a notice of appeal 
 requested after expiration of the thirty-day statutory period for filing the 
 appeal.  Id. at 495-496, 381 S.E.2d at 732.
Here, Sovran attempted to amend its notice 
 of appeal nearly six months after the full commissions order awarding McGee 
 permanent, total disability. [3]   
 Because Sovrans purported amendment occurred after the time for appeal had 
 expired, we find the issue of whether the commission erred in awarding McGee 
 benefits under § 42-9-10 was not preserved for review.
Because the commissions award for permanent, 
 total disability is affirmable based on section 42-9-10, we need not determine 
 whether the commission erred in making the additional finding that McGee sustained 
 an injury to his back with a disability rating of greater than fifty percent. [4] 
Accordingly, the decision of the circuit court is
AFFIRMED.
HEARN, C.J., CONNOR and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [2] The Workers Compensation Commissions order was dated December 21, 
 2001.

 
 
 [3] McGee objected to this amendment, and the circuit court took the 
 matter under advisement. In the circuit courts order, no mention of the amendment 
 was made, and notably, the circuit court only addressed the commissions finding 
 that McGee suffered an injury of more than 50% to his back.  The circuit court 
 did not address any issue that was not specifically listed in Sovrans notice 
 of intent to appeal.  Upon receipt of the circuit courts order, Sovran did 
 not make a Rule 59 motion seeking a ruling on the issue of its ability to 
 amend the order orally; thus, even if Sovran could have amended its notice 
 of appeal, this issue was not preserved for appellate review.   Wigfall 
 v. Tideland Utilities, Inc., 354 S.C. 100, 103, 580 S.E.2d 100, 101 (2003) 
 (holding workers compensation claimant failed to preserve his equal protection 
 argument because he failed to make a Rule 59 motion after the circuit court 
 failed to rule on the issue).

 
 
 [4] Under section 42-9-30 (19) of the South Carolina Code of Laws, in 
 cases where there is fifty percent or more loss of use of the back . . . the 
 injured employee shall be deemed to have suffered total and permanent disability 
 and compensated therefore under paragraph two of § 42-9-10.  Thus, the commissions 
 amendment to the commissioners order merely added an additional sustaining 
 ground to the award of permanent, total disability.