15126

SHELTON v. GREENVILLE COUNTY

(10 S. E. (2d), 12)

*Mr. W. W. Carpenter* for appellant,

*Mr. Wilton H. Earle,* for respondent, 

July 11, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This case was tried in the County Court of Greenville County, resulting in a directed verdict in favor of respondent County.

The cause of action undertaken to be set out in the complaint was predicated upon the alleged negligent operation of one of respondent's trucks on one of its highways by one of its agents, resulting in serious injury to the appellant.

Paragraphs 5 and 6 of the complaint read:

"That plaintiff is informed and believes that on or about January 5, 1939, plaintiff with three other convicts and a chaingang guard was riding in a truck owned and operated by Greenville County; that the convict driver of the truck was operating the vehicle in a dangerous, reckless, and negligent manner, and at a point near Fairview church the recklessness and negligence of said driver caused the truck to turn over, thereby causing serious bodily injury to the plaintiff.

"That the plaintiff's injury was brought about, as a direct and proximate result, by the negligence and recklessness of defendant's agents and servants, and that the injury was in no way caused or contributed to by any negligence on the part of the plaintiff."

Respondent did not demur to the complaint, although it is at once apparent that the complaint does not state a cause of action under Section 5856 of the Code, the only statute which enables one to maintain an action against a County for personal injuries; but answered admitting all paragraphs of the complaint except the paragraphs above set out, and these were denied.

Under the pleadings the case proceeded to trial, the appellant adducing testimony tending to prove the allegations of his complaint, and further that at the time of appellant's injury the truck was hauling gravel and rock to be used in the repair of one of its highways. This latter testimony would have been very pertinent and necessary to appellant's cause of action if it had been against a town or city for bodily injury or damages from defects in streets, etc., *"or mismanagement of anything under control of the corporation"* within the limits of such town or city as provided in Section 7345 of the Code.

The respondent did not make a motion for nonsuit at the conclusion of appellant's testimony, but proceeded with its testimony in an effort to establish that the truck was not negligently operated.

At the conclusion of all testimony, respondent made a motion for a directed verdict in its behalf "on the ground that the plaintiff has failed to show that there was any defect or negligent repair in the highway of the defendant." A verdict was directed for the respondent county for the reason that there was no testimony that the appellant's injury was caused through a defect or in the negligent repair of a highway, a causeway, or bridge, or of any ferry operated by the county. Indeed, as hereinbefore stated, the appellant bottomed his complaint solely upon the alleged negligence and recklessness of respondent in the operation of one of its trucks.

Following the direction of a verdict, plaintiff-appellant requested the County Judge to note a motion for a new trial, the Court in reply thereto stating: "Yes, sir". Several months thereafter, the motion was called up before the Judge of the County Court of Greenville County, at which time the respondent herein took the position that the trial Judge had lost jurisdiction to hear the motion, it not having been heard before the adjournment sine die of the term of Court at which it was tried, and was not marked "Heard"

on the Court docket. While the Court sustained the position or respondent that he had lost jurisdiction to pass upon the motion, he proceeded thereafter to pass thereupon, and refused the motion.

In the order (dated February 1, 1940) in which the County Judge held that he had lost jurisdiction to hear the motion, and refusing a new trial, it is stated:

"This case was tried before me and a jury at the June Term, 1939, of the County Court. At the conclusion of the testimony on the part of the plaintiff and the defendant, a motion for a directed verdict in favor of defendant was made by counsel for defendant. I granted the motion on the grounds stated in the record. A motion for a new trial was noted, but it was not marked 'heard', nor did counsel for defendant consent to or acquiesce in hearing the motion after the adjournment of the Court sine die. I stated to counsel for plaintiff when he had the motion noted that I would not have time to hear his motion during the term, but would hear him later. At that time, I was under the impression that the County Court of this county, being open at all times for the transaction of any business not requiring a jury that the rule prevailing in the Circuit Court did not comply and, consequently, that I would retain jurisdiction to hear the motion at any time after the adjournment of the Court. But it seems from the authorities cited by counsel for defendant that I was then in error.

"The motion for a new trial has recently been argued before me at Chambers by counsel for plaintiff. Counsel for defendent was present at the hearing of the motion, but he did not in any way waive the question as to the jurisdiction of the court to hear the motion for a new trial.

"I am satisfied under the decisions of our Supreme Court that, after adjornment of the Court sine die. I lost jurisdiction to hear the motion. The cases, *Eagerton v. Atlantic Coast Line Ry. Co.,* 175 S. C., 209, 178 S. E. 844; *Altman v. Efird Bros. Co.,* 180 S. C., 205, 185 S. E., 543, appear to be conclusive of this question."

In *Altman v. Efird Bros. Co.,* supra, page 211 of the S. C. Reports, page 546 of 185 S. E., the Court quoted with approval from the case of *Eagerton v. Atlantic Coast Line Railroad Co.,* supra, as follows:

" ' Has a trial judge the power and right, after the adjournment of the court sine die, to pass an order which reverses or modifies the order made in term time?

" 'It is such a well-settled principle of law in this state that, when a trial judge adjourns his court sine die, he loses jurisdiction of a case finally determined during that term, except under special circumstances, as where either by consent or acquiescence of counsel of both sides, or postponing determination of motions duly entered during the sitting of the court, or in some cases where supplemental orders germane to and carrying out the order duly made, and not inconsistent therewith, may be passed, that any extended discussion thereof is deemed unnecessary.' "

In the instant case, and immediately following the publishing of the directed verdict, appellant's counsel noted a motion for a new trial, and we must therefore assume, in the presence of counsel for respondent; and the trial Judge then and there stated to counsel for appellant that he would not have time to hear his motion during the term, but would hear him later, and noted the motion. This to an extent differentiates this case from the above cited cases. Further than this however, Act No. 5 of the Acts of 1935, approved January 25, 1935 (39 Statutes at Large, page 6), amending Acts creating and relating to the Greenville County Court contains the following in Section 13, which Section, in the main, provides for the terms of said Court: "And, *Provided further,* In addition to the aforesaid terms, the Greenville County Court shall be in session at all times and open for the transaction of such business as can be disposed of without a jury."

The above discussion is occassioned by the fact that respondent raises the issue that since appellant did not serve

his notice of intention to appeal until February 5, 1940, the notice came too late, and this Court can not pass upon the exception alleging error in the direction of a verdict in favor of respondent, which was the only issue in the case upon the trial thereof. In fairness to the County Judge, we think this issue should be passed upon.

Section 5856 of the Code of 1932 permits an action against a county by "any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway, or bridge, or of any ferry operated by the county" for the recovery of actual damages. This statute must not be confused with the statute (Section 7345 of the Code) permitting actions against towns and cities. The latter statute is more inclusive in that it permits an action for bodily injury, or damage "by reason of defect or mismanagement of anything under control of the corporation * * *", which has been held to mean mismanagement in making repairs on the streets or mismanagement of something used in connection with the keeping and repair of the streets.

The complaint did not state a cause of action under Section 5856 of the Code, the testimony in behalf of appellant did not show actionable negligence, and respondent's testimony did not aid the appellant. In his order refusing a new trial, the County Judge very properly stated: "There was no defect in the highway alleged or proved in the case. The only testimony on the part of the plaintiff of any negligence which resulted in his injury was the alleged negligent operation of the truck on which the plaintiff (appellant) was riding, * * *."

The appellant relies upon *Moss v. Aiken County,* 114 S. C., 147, 103 S. E., 520, the facts of which case are analogous to the facts of the instant case. However, despite the admission in that opinion that the statutes giving a right of action against counties, and towns and cities, are different, the Court undoubtedly ignored this difference, unless there

were additional facts not related in the opinion, such as there being a defect in the highway at the point of the collision, which was a contributing cause.

This is a hard case, but we have not allowed this fact to sway us in the pronouncement of the law as we understand it. A young man has suffered grievous and permanent injury through no negligence of his own, and we sympathize with him. Unfortunately, our sole duty is to declare the law as it is written. This is the same position in which the Court found itself in writing the opinions in the cases of *Reeves v. City of Easley,* and *Singleton v. City of Sumter,* reported respectively in 167 S. C. 231, 166 S. E. 120, and 180 S. C., 536, 186 S. E. 535.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE, concur.