627 S.E.2d 760

**Curtis EARL, Claimant,**

v.

**HTH ASSOCIATES, INC./ACE USA–INSURANCE COMPANY OF NORTH AMERICA, Employer/Carrier,**

and

**Advance Auto Parts/Royal Insurance Company of America, Statutory Employer/Carrier,**

and

**The SC Uninsured Employers' Fund, Defendants,**

**of whom Ace USA–Insurance Company of North America is the Appellant.**

and

**Curtis Earl, Advance Auto Parts, Royal Insurance Company of America, and HTH Associates, Inc. are the Respondents.**

**No. 4086.**

Court of Appeals of South Carolina.

Heard Jan. 10, 2006.

Decided Feb. 27, 2006.

Walter Hilton Barefoot, of Florence, for Appellant.

John S. Nichols, of Columbia, Kenneth W. Harrell, of North Charleston, and Stephen L. Brown and Wallace G. Holland, both of Charleston, for Respondents.

PER CURIAM:

In this workers' compensation action, Ace USA Insurance Company of North America (INA) appeals the South Carolina Workers' Compensation Commission's order, affirmed by the circuit court, finding insurance coverage for HTH Associates, Inc. under an INA policy. We affirm.

## FACTS

In 1992, HTH purchased a one-year workers' compensation insurance policy from INA. On April 5, 1992, pursuant to regulatory requirements, INA electronically submitted the policy C35274522 to the National Council on Compensation Insurance (NCCI). INA then mailed a hard copy of the policy to NCCI. The hard copy identified the policy as number WOCC35274522. The only difference between the two filings was the prefix "WOC" in the policy number of the hard copy. NCCI's computer system registered HTH as having two separate active policies.

In 1993, HTH learned it was not required to provide workers' compensation coverage and decided not to renew the INA policy. However, because HTH had initially elected coverage, Regulation 67–404 required HTH to file a Form 38 Notice of Withdrawal. S.C.Code Ann. Regs. 67–404 (1990). The failure to submit a Form 38 results in a company still operating under the Workers' Compensation Act and subjects the company to possible sanctions. *Id.* HTH never filed a Form 38.

When HTH failed to renew the INA policy, INA, pursuant to Regulation 67–406, filed a notice of termination directly with the NCCI. S.C.Code Ann. Regs. 67–406 (Supp.2005).

INA correctly canceled policy number C35274522, and the termination became effective May 11, 1993. INA believed it had canceled HTH's sole policy. However, according to the NCCI computer system, the WOCC35274522 policy was still in effect.

In 2000, Curtis Earl, an employee of HTH, was in a work-related automobile accident.[1] At the time, HTH was engaged in the business of setting up new stores for Advance Auto Parts all over the southeastern United States. Gary Smith, the Director of Coverage and Compliance at the Workers' Compensation Commission, investigated coverage. On the initial hearing notice, Smith indicated HTH had no coverage. Upon further investigation, Smith concluded HTH had coverage under the policy identified in the records of the NCCI as WOCC35274522.

Earl filed this action against HTH, Advance and its insurer, Royal Insurance Company of America, and the South Carolina Uninsured Employers' Fund. Earl alleged HTH was his employer and was subject to the Act, the INA policy provided HTH with coverage, and the Royal Insurance policy also provided coverage based on Earl's statutory employment with Advance.

The single commissioner found, *inter alia,* HTH was subject to the Act and Earl was HTH's employee. The commissioner also found INA failed to properly cancel policy WOCC35274522, and therefore, the policy was still in effect. The commissioner found INA liable for all payments related to Earl's injuries. The full commission affirmed, adopting the commissioner's findings in full. However, the commission made the additional finding that Advance was Earl's statutory employer and Royal Insurance would cover Earl's injuries if, on appeal, the court found no coverage under any INA policy. The circuit court affirmed. INA appeals.

## STANDARD OF REVIEW

In reviewing which of two carriers provided insurance in a worker's compensation action, our supreme court applied the following standard of review:

---

1. In 2002, Earl died as a result of injuries sustained in the accident.

Review of a decision of the workers' compensation commission is governed by the Administrative Procedures Act. Although this Court may not substitute its judgment for that of the full commission as to the weight of the evidence on questions of fact, it may reverse where the decision is affected by an error of law. Review is limited to deciding whether the commission's decision is unsupported by substantial evidence or is controlled by some error of law. *Rodriguez v. Romero*, 363 S.C. 80, 84, 610 S.E.2d 488, 490 (2005) (internal citations omitted).

## LAW/ANALYSIS

■ INA contends it properly canceled HTH's sole policy and thus INA provided no coverage at the time of Earl's accident. We disagree. Pursuant to Regulation 67–406(A), the NCCI is the commission's "authorized agent" for filing a report of coverage and notice of termination. S.C.Code Ann. Regs. 67–406(A) (Supp.2005). Notice of termination of a policy must be filed as specified in the regulations. S.C.Code Ann. Regs. 67–406(E) (Supp.2005). Regulation 67–406 provides:

B. The insurance carrier shall file a report of coverage and notice of termination directly with the NCCI. The date of receipt by the NCCI is deemed the date of filing with the Commission.

F. To cancel workers' compensation insurance coverage, not to renew workers' compensation insurance coverage, or to reinstate a workers' compensation insurance policy, the insurance carrier shall file with the NCCI an NCCI Form WC 89 06 09 A.

(1) The insurance carrier may file this notice with the NCCI thirty or more days before the effective date.

(2) Insurance expiration, termination or cancellation shall not be effective until after thirty days from the date of receipt by NCCI of the NCCI Form WC 89 06 09 A.

S.C.Code Ann. Regs. 67–406 (Supp.2005). An insurance policy is deemed continuous until a notice of cancellation is filed. S.C.Code Ann. Regs. 67–406(E) (Supp.2005).

■■ Several rules of statutory construction compel us to affirm the circuit court. First, workers' compensation stat-

utes and regulations are to be construed liberally in favor of coverage. *See Mauldin v. Dyna–Color/Jack Rabbit*, 308 S.C. 18, 22, 416 S.E.2d 639, 641 (1992). Second, because workers' compensation is a creature of statute, "we are bound to strictly construe the terms of the statute...." *Brown v. Bi–Lo, Inc.*, 354 S.C. 436, 441, 581 S.E.2d 836, 838 (2003). Finally, the decision of an administrative agency interpreting its own regulations is given great deference. *Goodman v. City of Columbia*, 318 S.C. 488, 491, 458 S.E.2d 531, 532 (1995). Under a strict interpretation of the regulations, construing them in favor of coverage, and reviewing the commission's own interpretation of the regulations, we find INA failed to notify the NCCI of the cancellation of the policy identified by INA as WOCC35274522. Gary Smith, the Director of the Coverage and Compliance Department of the commission, testified that if policy WOCC35274522 had been canceled in the NCCI records, his department would have initiated a non-compliance investigation due to HTH's failure to file a Form 38. Smith admitted this case presented an anomaly, and it was his personal opinion the two policy numbers referred to the same policy. Smith further acknowledged INA would not have known that two different policies had been set up unless it requested a listing of all its open policies. Smith concluded, however, that there is no regulatory provision requiring an employer actually pay premiums and no provision protecting a carrier in the event of a clerical error. Smith ultimately concluded on behalf of the commission that the WOC policy was not canceled pursuant to the regulations.

 We find other support for our decision. For instance, in *Larson's Workers' Compensation Law*, the authors conclude the requirements for canceling a workers' compensation insurance policy are exacting and strictly construed because of the "essential role of insurance in the compensation process, and the serious potential effects of noninsurance on both employer and employee...." 9 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 150.03 (2005). An insurer's failure to strictly comply with the regulations renders a termination ineffective. *Id.*

Likewise, the District of Columbia Court of Appeals addressed a nearly identical issue under the Longshoremen and Harbor Worker's Act in *Scott v. Hoage*, 73 F.2d 114 (D.C.App.

1934), and found coverage. In *Scott*, the insurance carrier misstated the policy number in its notice of cancellation. *Scott*, 73 F.2d at 115. The recipient clerk filed the cancellation notice, assuming a same-numbered policy was forthcoming. A policy with the erroneous number never arrived, and the original policy was never canceled. Finding the policy still in effect the court stated:

> It is probable that the mistake in numbers was the result of clerical error only. Nevertheless we think that misdescription of the policy number in the notice vitiates it. The duty rests upon the company to send a correct notice, and inasmuch as it failed to do so in this case, it did not accomplish the purpose for which it was sent.

*Id.* at 117. We likewise find INA's notice failed to cancel policy WOCC35274522.

Finally, we find the most equitable result in this case is to charge the party responsible for the mistake, INA. INA's hard copy notification designating coverage under policy WOCC35274522, after its electronic notification of policy number C35274522, caused the error. Smith testified the commission uses the NCCI computer system as authority for determining whether a policy exists or whether it has been canceled. If the NCCI computer had not shown coverage under policy WOCC35274522, the commission would have filed noncompliance proceedings against HTH for failure to file a Form 38. However, because the NCCI computer listed HTH as covered under the WOCC35274522 policy, no proceedings were initiated. In short, INA created the problem by submitting the same policy twice, identified by two different numbers.[2]

## CONCLUSION

For the foregoing reasons, the order on appeal is

**AFFIRMED.**

STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

---

**2.** Although insurers do not usually request all their open policies from the NCCI, Smith testified that had INA made the request it would have known the policy for HTH was still in effect.